UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RAISHAWN SMITH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-5038** |
| **ALLIED TRUST INSURANCE COMPANY** | **SECTION "L" (4)** |

## ORDER & REASONS

Pending before the Court is Defendant Allied Trust Insurance Company's ("Allied") Motion to Dismiss for Failure to Prosecute. R. Doc. 19. Plaintiff Raishawn Smith ("Smith") opposes the motion. R. Doc. 25. Having considered the briefing, record, and applicable law, the Court rules as follows.

I.  **BACKGROUND & PRESENT MOTION**

This case arises out of an insurance dispute between Smith and her insurance company, Allied, following Hurricane Ida. R. Doc. 1 at 3. Smith alleges that her property located in Saint Bernard Louisiana was insured against damage through Allied. *Id.* at 1. Smith is a Louisiana resident and Allied is a Florida company, and Smith alleges damages in excess of $75,000. *Id.* at 1-2. Thus, the Court has diversity jurisdiction in this matter. *Id.* at 2.

Smith alleges that although she paid all premiums and notified Allied of the damages caused by Hurricane Ida, Allied nevertheless provided "wholly deficient" coverage and underestimated damages to her property. *Id.* at 3-4. She alleges that they delayed and denied payments and she brings a breach of contract claim and a statutory penalty claim against Allied. *Id.* at 4-9. Smith demands a jury trial and seeks damages for the repair and replacement of various property damage, bad faith penalties, and attorney's fees and costs. *Id.* at 9-10.

Smith filed her suit in federal court on December 6, 2022 and was represented by the law

1

firm McClenny Moseley & Associates. In March of 2023, three months after she filed her suit, the Court stayed all matters filed by McClenny Moseley, including this case, and in July 2023, the Court sent plaintiffs in these cases a letter requesting that they inform the Court whether they intend to pursue their claims via new counsel or otherwise. R. Docs. 5, 12. Smith did not reply and on February 29, 2024, Allied filed a motion to dismiss for failure to prosecute, citing Smith's failure to respond in any way to the letter sent the prior July. R. Doc. 19. This Court then issued a rule to show cause as to why Smith's claim should not be dismissed on this basis. R. Doc. 20. Smith shortly after enrolled new counsel, sought and obtained an extension of time to respond to the rule to show cause, and ultimately filed an opposition to the motion. R. Docs. 21 - 25.

In its instant motion, Allied cites the lack of Smith's engagement in this suit as grounds for dismissal. R. Doc. 19 at 2. Allied pointed to the letter sent to plaintiffs in these cases in July 2023, which warns plaintiff that a failure to respond to the letter risks dismissal of their case. *Id.*

In response, Smith explains that in 2021, she was diagnosed with cancer and has been focusing all her attention on her treatment and recovery, relying on her attorneys to handle this matter for her. R. Doc. 25 at 1-2. She acknowledges that, given the McClenny Moseley issues, this was a misplaced faith, but she notes that since being notified of the rule to show cause, she has obtained new counsel and is engaging in this suit. *Id.* at 2-4. She argues that Local Rule 41.3 requires a plaintiff to show good cause in opposition to a motion to dismiss for failure to prosecute, and she argues that the context of her cancer (including her trips to MD Anderson in Houston for treatment) and her retention of new counsel constitute good cause. *Id.* She seeks to pursue her claim and urges the Court to deny Allied's motion.

## II.   APPLICABLE LAW & DISCUSSION

Pursuant to Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim

against it." Fed. R. Civ. P. 41(b). *See Campbell v. Wilkinson*, 988 F.3d 798, 800 (5th Cir. 2021) ("Under Rule 41(b), 'a defendant may move to dismiss the action or any claim against it' '[i]f the plaintiff fails to prosecute or to comply with these rules or a court order.'") (quoting Fed. R. Civ. P. 41(b)).

A dismissal is with prejudice "if 'the statute of limitations prevents or arguably may prevent' a party from refiling after the dismissal." *Raborn v. Inpatient Mgmt. Partners Inc.*, 278 F. App'x 402, 404 (5th Cir. 2008) (citing *Boazman v. Economics Laboratory, Inc.*, 537 F.2d 210, 212-13 (5th Cir. 1976)). Dismissals with prejudice under Rule 41(b) "are proper only where (1) there is a clear record of delay or contumacious conduct by the plaintiff and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Stearman v. Commissioner*, 436 F.3d 533, 535 (5th Cir. 2006). "In most cases, a plain record of delay or contumacious conduct is found if one of the three aggravating factors is also present: (1) delay caused by the plaintiff; (2) actual prejudice to the defendant; or (3) delay as a result of intentional conduct." *Id.*

In this instance, Smith's claims would be time-barred if she were to re-file them. Under the FCRA, the statute of limitations is the earlier of two years after the date of discovery by the plaintiff of the violation, or five years after the date on which the violation occurred. 15 U.S.C. § 1681p. Hurricane Ida occurred on August 29, 2021 and therefore Smith needed to file suit before August 29, 2023. She timely filed the instant suit in 2022 and can no longer refile, therefore this motion is to be treated as a motion to dismiss with prejudice.

The Court finds that Smith has shown good cause for her failure to prosecute and that she will now diligently pursue her claim. Her reasons for not prosecuting up until recent months does not amount to the standard required to dismiss her suit with prejudice. She did not delay or

3

demonstrate contumacious conduct, Allied has suffered no prejudice (nor has it alleged any), and the delay is not the result of intentional conduct.

Accordingly, for the foregoing reasons, Allied's Motion to Dismiss is **DENIED**.

New Orleans, Louisiana, this 30th day of April, 2024.

_____
United States District Judge